IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RICKIE ANTHONY,                      )
                                     )
              Plaintiff,             )
                                     )
         v.                          )      1:23CV898
                                     )
RICHMOND COUNTY CHILD SUPPORT        )
ENFORCEMENT, et al.,                 )
                                     )
              Defendants.            )
```

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court (per the undersigned Magistrate Judge) previously ordered Plaintiff, on or before November 9, 2023, "(A) to pay the required filing fee, (B) to file a proper application to proceed in this Court without prepaying fees or costs, or (C) to file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i)." (Text Order dated Oct. 29, 2023.) That Text Order explained that "Plaintiff possesse[d] no general exemption from the payment of filing fees, but instead either must pay the filing fee or must satisfy the standards for proceeding as a pauper to pursue this case in this Court." (Id.) It further expressly warned Plaintiff that "[f]ailure . . . to comply . . . shall result in the dismissal of this action without prejudice." (Id.) Plaintiff did not comply with (or

file timely objections to) the Text Order. (See Docket Entries dated Oct. 29, 2023, to present.)[1]

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the [C]ourt." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Given that failure, the Court should dismiss this action without prejudice.

In making that recommendation, the undersigned Magistrate Judge recognizes "that dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing a case for failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id. Here, (i) no reason exists to doubt that Plaintiff bears responsibility for this non-compliance; (ii) Plaintiff's conduct and/or inaction prejudices the right of

---

[1] Plaintiff instead filed a new Complaint (Docket Entry 4) and another Notice (Docket Entry 5), again asserting exemption from filing fees without proof of indigency (see id. at 1-5).

2

Defendants in this action to prompt resolution of the claim(s) against them; (iii) Plaintiff failed to comply even after the passage of nearly three additional weeks since the deadline passed, but instead defiantly doubled-down on a position the Court previously rejected; and (iv) no other sanction appears adequate.[2]

**IT IS THEREFORE RECOMMENDED** that this action be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 29, 2023

---

[2] As to that final consideration (and as documented above), the Court (per the undersigned Magistrate Judge) expressly warned Plaintiff that non-compliance would lead to dismissal. "In view of th[at] warning, the [ C]ourt ha[s] little alternative to dismissal. Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96.

3